Citation Nr: 1825327 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 14-36 852 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUES

1. Entitlement to a rating in excess of 20 percent for chronic lumbosacral strain with spasm and degenerative disc disease. 

2. Entitlement to a rating in excess of 10 percent for chronic cervical spine strain with facet hypertrophy. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

S. Morrad, Associate Counsel 



INTRODUCTION

The Veteran served on active duty from January 1992 to January 2000. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a June 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran contends that the symptoms associated with her chronic lumbosacral strain and chronic cervical strain are worse than contemplated by the assigned ratings and that a higher rating is warranted. 

In her September 2014 substantive appeal, the Veteran alleged worsening of her chronic lumbosacral strain and chronic cervical strain. While the Board acknowledges that the Veteran failed to report for her September 2017 VA examination, she expressed a willingness to present for a new examination in a December 2017 correspondence. In coupling the Veteran's allegations of worsening with her willingness to undergo a VA examination, the Board finds that a remand is required to afford the Veteran a new VA examination. See 38 C.F.R. § 4.59; cf. Correia v. McDonald, 28 Vet. App. 158, 169-70 (2016). 

Accordingly, the case is REMANDED for the following action:

1. After the above development has been completed, and after any records obtained have been associated with the evidentiary record, the Veteran should be afforded a VA examination with an appropriate examiner to determine the current severity of her service-connected chronic lumbosacral strain and chronic cervical strain disabilities. The evidentiary record, including a copy of this remand, must be made available to and reviewed by the examiner. A complete history should be elicited directly from the Veteran and any tests and studies deemed necessary by the examiner should be conducted. All findings should be reported in detail. 

For both the lumbosacral spine and the cervical spine, the VA examiner is directed to conduct range of motion testing and provide commentary regarding symptoms including painful motion, functional loss due to pain, excess fatigability, weakness, and additional disability during flare-ups. The examination should include testing for pain in active motion, passive motion, weightbearing and non-weightbearing for the joint in question. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

The examiner should provide information concerning where the Veteran experiences pain during range of motion testing, and if so, at which degree limitation of motion due to pain begins. Furthermore, any additional loss of motion or function (decreased or abnormal excursion, strength, speed, coordination, or endurance) with repetitive movement must be noted. 
The examiner is also directed to specifically comment on whether either spine disability has required any periods of doctor prescribed bed rest, and if so, the frequency and duration of the bed rest within the last 12-month period.

The examiner should also discuss the impact, if any, the Veteran's chronic lumbosacral strain and chronic cervical strain have on her activities of daily living, including her ability to obtain and maintain employment.

2. After the above development has been completed, readjudicate the claim. If the benefits sought remain denied, provide the Veteran and her representative with a supplemental statement of the case, and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).